HEATHER L. RICHARDSON, SBN 246517
hrichardson@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
mholecek@gibsondunn.com
BRANDON J. STOKER, SBN 277325
bstoker@gibsondunn.com
JEREMY A. WEESE, SBN 336180
jweese@gibsondunn.com
DAVID W. RUBIN, SBN 329852
dwrubin@gibsondunn.com
ELENI P. INGRAM, SBN 342071
eingram@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

GEOFFREY SIGLER (*pro hac vice* application forthcoming)
gsigler@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

Attorneys for Petitioner OptumRx

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OPTUMRX, INC., as successor by merger to Catamaran Corporation, and OPTUMRX, INC. in its own right,<br><br>Petitioner,<br><br>v.<br><br>Roan's Drug Store,<br><br>Respondent. | CASE NO. 8:22-cv-572<br><br>**PETITION TO COMPEL ARBITRATION** |

Petitioner, OptumRx, Inc. in its own capacity and as the successor in interest to Catamaran Corporation ("Catamaran") (collectively, "OptumRx" or "Petitioner"), for its Petition to Compel Arbitration between Petitioner and Roan's Drug Store ("Respondent"), alleges:

## NATURE OF THE ACTION

1.  This is a Petition under the Federal Arbitration Act, 9 U.S.C. § 4, for an order directing Respondent to submit to arbitration its dispute with OptumRx regarding the amount of reimbursements for prescription drugs, in accordance with the parties' written agreement to arbitrate.

2.  Under their agreement, the parties not only agreed to arbitrate all disputes at issue here, but delegated to an arbitrator any questions as to the arbitrability of their disputes. The parties agreed to submit to binding arbitration in Los Angeles County or Orange County, California, before the American Arbitration Association.

3.  Respondent has expressly refused to abide by the parties' arbitration agreement and has stated it will only litigate the parties' dispute in court, contrary to the parties' agreement. The Court should compel Respondent to honor the parties' agreement to arbitrate and grant any other relief the Court deems just and proper.[1]

## THE PARTIES

4.  OptumRx is a pharmacy care services company (also referred to as a Pharmacy Benefits Manager or "PBM"), incorporated in California. OptumRx operates nationally to provide various pharmacy-related administrative services to a variety of clients in connection with various health and prescription drug plans and

---

[1] OptumRx will file its Memorandum of Points and Authorities in short order and intends to incorporate that Memorandum into this Petition. OptumRx has not filed the Memorandum concurrently with the Petition because this case is related to numerous other arbitration disputes between OptumRx and pharmacies represented by Respondent's counsel. OptumRx recognizes that the Court could issue an order coordinating certain aspects of these proceedings, including a motion practice and scheduling, and OptumRx is willing to meet and confer in good faith with Respondent's counsel to efficiently manage the parties' disputes. OptumRx reserves all rights with respect to the arbitration agreement's requirement that the parties' disputes proceed as individualized, non-consolidated actions.

insurance programs. OptumRx's principal place of business is 2300 Main St, Irvine, California 92614.

5. In July 2015, OptumRx acquired Catamaran, also a PBM, and, as a consequence, succeeded to Catamaran's interests, including its agreements.

6. Respondent is a Pennsylvania business that operates Roan's Prescription Drug Store, located at 159 East Main Street, Plymouth, Pennsylvania 18651.

## JURISDICTION AND VENUE

7. This action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue is proper under 9 U.S.C. § 4 because this Court is the United States District Court with jurisdiction over the site of arbitration agreed to by the parties and specified in the Agreement: Los Angeles County or Orange County, California.

10. Venue is also proper under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## BACKGROUND

**A.     The Parties' Relationship.**

11. Respondent does business with OptumRx as a participating pharmacy in OptumRx's pharmacy provider network. Respondent dispenses prescription drugs to members of health benefit plans for which OptumRx administers pharmacy benefit services.

12. By participating in OptumRx's pharmacy provider network, Respondent gains the business advantage and opportunity to both serve members of the plans for which OptumRx provides administrative services and obtain reimbursement by OptumRx for the prescription drugs Respondent dispenses to OptumRx's members.

13. Independent pharmacies may contract directly with OptumRx or via pharmacy services administration organizations ("PSAOs"), which function as agents of the independent pharmacies and use their significant bargaining power to, among other things, negotiate contracts with OptumRx on behalf on their affiliated pharmacies.

14. Many PSAOs are owned by large wholesalers, such as McKesson Corporation, Amerisource Bergen, and Cardinal Health.

15. Respondent became a participating provider in OptumRx's network by contracting with OptumRx and/or its predecessor Catamaran through one or more PSAOs: most recently, Pharmacy First, EPIC Pharmacy Network, Rxpride (964).

16. The relationship between OptumRx and Respondent is governed by agreements consisting of both a Provider Agreement and a Provider Manual.

17. A Provider Agreement is a contract between a PSAO (of which Respondent is a member) and OptumRx. As will be explained further in OptumRx's forthcoming Memorandum of Points and Authorities, the Provider Agreement binds Respondent because the PSAO signed the Provider Agreement as Respondent's agent, and Respondent ratified the agreement.

18. The Provider Agreement references and incorporates the OptumRx Provider Manual, which sets forth the terms of the pharmacy's relationship with OptumRx. In addition to explaining logistical processes and requirements—for example, how pharmacies submit claims to OptumRx for reimbursement—the Provider Manual sets forth rights and obligations of both parties, one of which is an arbitration agreement. The Provider Manual binds Respondent for several reasons. *First*, it is incorporated into the Provider Agreement (which Respondent's agents signed on Respondent's behalf). *Second*, Respondent has ratified the Provider Manual by, among other things, submitting claims for reimbursement under the terms of the Provider Manual. *Third*, Respondent is estopped from claiming reimbursements under

the Provider Manual and asserting claims for *breach* of the Provider Manual and then repudiating the arbitration agreement contained in that same agreement.

**B.     The Arbitration Provision in the Provider Manual.**

19.    The Provider Manual, which is regularly updated, is made available to all participating pharmacies like Respondent, and is readily accessible online. OptumRx also sends updates to the Provider Manual directly to pharmacies like Respondent.[2]

20.    The most recent version of the Provider Manual supersedes all previous versions.

21.    Following OptumRx's acquisition of Catamaran in 2015, the OptumRx Provider Manual became the operative Provider Manual.

22.    Specifically, on November 6, 2015, OptumRx and Catamaran sent a Provider Manual Update to all contracting pharmacies, which informed the pharmacies of the revised OptumRx Provider Manual and explained that it replaced and superseded the previous versions of OptumRx's and Catamaran's respective manuals. The Update stated that the Provider Manual was incorporated into the pharmacies' agreements with OptumRx and Catamaran and that each pharmacy was responsible for understanding and complying with the Manual's terms and conditions.

23.    The OptumRx Provider Manual contains a clear and unequivocal arbitration clause.[3]

24.    The clause requires all disputes including, but not limited to, those related to questions of arbitrability; the formation, validity, scope, and interpretation of the arbitration agreement; and the Agreement, the Provider Manual, or the breach of either

---

[2] The current 2022 version of the Provider Manual can be found in its entirety at https://professionals.optumrx.com/content/dam/optum3/professional-optumrx/resources/pdfs/OptumRxPharmacyProviderManual2022.pdf (last accessed March 25, 2022). Relevant excerpts of Provider Manuals released each year from 2015 through 2022 are attached as Exhibit A.

[3] Since 2015, the OptumRx Provider Manual (and previously the Catamaran Provider Manual) has contained an arbitration clause that is the same or else substantially similar. *See generally* Ex. A.

agreement to be resolved exclusively by binding arbitration administered by the American Arbitration Association ("AAA") in Los Angeles County or Orange County, California, in accordance with AAA rules and procedures. It also expressly prohibits any joint or consolidated action to resolve disputes between the parties.

25. Moreover, the Provider Manual delegates any issues of arbitrability, including the validity of the arbitration agreement, to the arbitrator. In addition, the agreement incorporates the AAA Rules, which explicitly state that the arbitrator retains jurisdiction to decide issues of arbitrability, including the existence, scope, or validity of the arbitration agreement. *See* AAA Commercial Arbitration Rules 2, 7.

26. In the event that Respondent challenges the applicability of the 2022 Provider Manual, OptumRx petitions in the alternative for an order compelling arbitration under the prior versions of the Provider Manual. For all of the years at issue in this dispute, the various versions of the Provider Manual contained arbitration agreements and delegation clauses. *See generally* Ex. A.

**C.  The Provider Agreements Contain Substantially Similar Arbitration Agreements.**

27. The Provider Agreements contain arbitration clauses substantially similar to the Provider Manual arbitration clause. As explained above, Respondent engaged its PSAOs as its agents for the purpose of contracting with OptumRx, and therefore is bound by the arbitration agreement contained therein. Further, Respondent ratified the Provider Agreements, and is estopped from denying them, by seeking payments from OptumRx under the terms of its Provider Agreements.

**D.  Respondent's Refusal to Arbitrate the Dispute.**

28. On December 16, 2021, counsel for Respondent sent OptumRx a letter titled "Notification of Dispute on Behalf of Independent Pharmacies." The letter provided "written notice of disputes" that over 500 independent pharmacies have with OptumRx's "practices and procedures." The nature of the disputes concerned:

- Reimbursements to Pharmacies for prescription drugs below the contractual requirements set forth in OptumRx's Provider Manuals;

- Reimbursements made to Pharmacies for general drugs below the wholesale prescription drug pricing benchmarks as required by the Provider Manual;

- OptumRx's reimbursements to pharmacies that violate applicable state laws, including, but not limited to, laws that require use of Maximum Allowable Cost ("MAC") prices that are at or above the prices available to Pharmacies from national wholesalers;

- OptumRx's use of multiple MAC lists and prices within a particular health insurance plan on the same date for the same prescription drug;

- OptumRx's MAC reimbursements to Pharmacies below OptumRx's MAC reimbursements to other pharmacy providers operating in the same health insurance plan on the same date for the same prescription drugs;

- OptumRx's classification of prescription drugs as "brand" in its dealings with health insurance plans while classifying the same prescription drug as "generic" when reimbursing the Pharmacies;

- Retroactive adjustments (i.e., "claw backs") in the form of deductions, withholdings, and/or any other reduction to the Pharmacies' reimbursement on claims adjudicated and approved by OptumRx, including but not limited to Direct and Indirect Remuneration fees;

- OptumRx's use of the patient information the Pharmacies were required to submit to obtain reimbursement, to redirect the Pharmacies' patients to OptumRx's mail-order pharmacy, in violation of the duty of good faith and fair dealing and applicable state laws.

The list of pharmacies in the letter—which was supplemented with a subsequent letter sent on December 17, 2021—included Respondent.

29. As explained above, the Provider Manual explicitly mandates that all disputes relating in any way to the parties' relationship, the Agreement, the Provider

Manual, or the breach of either agreement must be resolved exclusively by binding arbitration. Each of the disputes listed in the December 16 letter fits squarely within one or more of these categories and must be arbitrated.

30. Even though OptumRx notified Respondent of this obligation to comply with the Alternative Dispute Resolution provisions in the Provider Manual, Respondent refused to arbitrate. Specifically, Respondent's counsel told OptumRx's counsel that Respondent would not arbitrate under the parties' agreement and would not permit an arbitrator to resolve any threshold disputes over arbitrability. Respondent's counsel stated that it would only resolve the parties' disputes in court.

### E.   Specific Relief to Compel Arbitration.

31. Respondent's refusal to abide by the arbitration agreements within the Provider Manuals and Provider Agreements constitutes a failure, neglect and/or refusal on their part to arbitrate in breach of the parties' binding arbitration agreement. Unless compelled to arbitrate, Respondent will remain in violation of its contractual obligation to arbitrate its disputes with OptumRx.

32. No previous Petition has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, OptumRx respectfully requests that the Court enter an Order:

1. Compelling Respondent to arbitrate the parties' disputes related to OptumRx's reimbursements for prescription drugs under the arbitration agreements in the Provider Manuals and Provider Agreements; and

2. Granting any other relief this Court deems just and proper.

| | |
|---|---|
| Dated: March 29, 2022 | GIBSON, DUNN & CRUTCHER LLP |
| | By: */s/ Jeremy A. Weese* |
| | Jeremy A. Weese |
| | Attorneys for Petitioner, OptumRx |